# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN LOPEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>CDCR,<br><br>          Defendant. | Case No.  1:24-cv-00734-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Christian Lopez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 23, 2025, the Court screened the complaint and found that it failed to state a cognizable claim under 42 U.S.C. § 1983.  (ECF No. 9.)  The Court issued an order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.*)  Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

**II.     Failure to State a Claim**

   **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

1

1  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous
2  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary
3  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

4  A complaint must contain "a short and plain statement of the claim showing that the
5  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*
8  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
9  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,
10  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

11  To survive screening, Plaintiff's claims must be facially plausible, which requires
12  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
13  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*
14  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
15  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
16  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

17  **B.     Plaintiff's Allegations**

18  Plaintiff is currently housed in California Substance Abuse Treatment Facility ("SATF")
19  in Corcoran, California where the events in the complaint are alleged to have occurred.  Plaintiff
20  names as defendants (1) CDCR [California Department of Corrections and Rehabilitation],
21  (2) Does 1-10.

22  Plaintiff alleges a Fourteenth Amendment "Badge of Authority" violation.  Plaintiff
23  alleges Does 1-10 are employees that worked at SATF as correctional officers.  The incident
24  occurred on August 10, 2022.  On August 10, 2022 at approximately 12:33 p.m. Defendant texted
25  Plaintiff 's girlfriend Nicol Rangel by name asking her if it was her.  Plaintiff incorporates
26  grievance log 301220 into the complaint.  (Exh. A.)[1]  Defendants improperly accessed and

27
28  ---
[1] The Court has reviewed Exhibit A but does not summarize Plaintiff's grievance.  "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could

released confidential information. Plaintiff's right of privacy was violated. Defendants were authorized by CDCR and expected as part of their official duties to access inmates' computer/database. Defendants released Plaintiff's information from his GTL Tablet, his relationship with his girlfriend Nicol Rangel. Defendants improperly accessed and released confidential information.

As remedies, Plaintiff seeks compensatory and punitive damages.

**C.    Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

**Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Plaintiff's complaint is relatively short, but it is not a plain statement of his claims.

**Eleventh Amendment**

"The Eleventh Amendment grants a State immunity from suit in federal court by citizens of other States, and by its own citizens as well." *Lapides v. Bd. Of Regents*, 535 U.S. 613, 616 (2002). (citation omitted); see *Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," *Wolfson*, 616 F.3d at 1065–66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., *Pennhurst*

---

have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Stewart v. Nevada*, No. 2:09-CV-01063-PMP-GWF, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

1  *State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Buckwalter v. Nevada Bd. Of*
2  *Medical Examiners*, 678 F.3d 737, 740 n. 1 (9th Cir. 2012).

3  A state agency is entitled to the same Eleventh Amendment immunity enjoyed by the
4  State when a judgment against the agency "would have had essentially the same practical
5  consequences as a judgment against the State itself." *Lake Country Estates, Inc. v. Tahoe*
6  *Regional Planning* Agency, 440 U.S. 391, 401 (1979). Accordingly, because California
7  Department of Corrections and Rehabilitation is a state agency, it is entitled to Eleventh
8  Amendment immunity from suit.

**Due Process - Privacy**

10  Imprisonment carries with it the loss of many significant rights, and some loss of privacy
11  is inherent in confinement. *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010). The Due
12  Process Clause of the Fourteenth Amendment protects individuals against the disclosure of
13  personal matters, *Whalen v. Roe*, 429 U.S. 589, 598–99 (1977).  "[T]he right to informational
14  privacy applies both when an individual chooses not to disclose highly sensitive information to
15  the government and when an individual seeks assurance that such information will not be made
16  public." *Planned Parenthood of Southern Arizona v. Lawall,* 307 F.3d 783, 789–90 (9th Cir.
17  2002) (citations omitted).  The Ninth Circuit suggested in *Seaton*, that "the right to informational
18  privacy is a narrow one, limited only to fundamental rights such 'as matters relating to marriage,
19  procreation, contraception, family relationships, and child rearing and education.'" *Huling v. City*
20  *of Los Banos*, 869 F.Supp.2d 1139, 1153 (E.D. Cal. 2012) (quoting *Seaton*, 610 F.3d at 1153).

21  Plaintiff fails to state a claim.  Privacy encompasses "interests in precluding the
22  dissemination or misuse of sensitive and confidential information ('informational privacy'); and
23  (2) interests in making intimate personal decisions or conducting personal activities without
24  observation, intrusion, or interference ('autonomy privacy')." *See generally*, *Allen v. Clendenin*,
25  No. :123-CV-00921 EPG PC, 2023 WL 6213634, at *8 (E.D. Cal. Sept. 25, 2023), report and
26  recommendation adopted, No. 1:23-CV-00921 JLT EPG PC, 2023 WL 7027074 (E.D. Cal. Oct.
27  25, 2023) (citing California Constitution and stating that "California's Due Process Clause is
28  'identical in scope with the federal due process clause.")  Plaintiff's claim is not encompassed in

4

either informational privacy or autonomy privacy. The girlfriend's information is not the type of highly sensitive information typically protected. Plaintiff's rights as to the girlfriend's information are not protected. Indeed, <u>Plaintiff's</u> personal information was not disclosed by any defendant or any other party. Plaintiff alleges that Defendants were authorized by CDCR and expected as part of their official duties to access inmates' computer/database. The complaint does not contain sufficient information for the Court to determine whether Plaintiff's Fourteenth Amendment right to privacy was denied by any Defendant in this action.

**Doe Defendants**

Plaintiff names several doe defendants. If Plaintiff wishes to name these officers as defendants, and does not yet know their names, he may name them as John Doe 1, John Doe 2, and so forth. Plaintiff must allege factual support for what <u>each</u> John Doe did which violated Plaintiff's rights.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

**III.   Failure to Prosecute and Failure to Obey a Court Order**

**A.   Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

5

amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.     Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's October 23, 2025 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 9.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further

unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### IV.  Conclusion and Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 5, 2025**              /s/ *Barbara A. McAuliffe*              
                                                      UNITED STATES MAGISTRATE JUDGE